**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Felix Bowen Price, Appellant.

Appellate Case No. 2018-000855

––––––––––––––

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

––––––––––––––

Unpublished Opinion No. 2020-UP-185
Submitted May 8, 2020 – Filed June 17, 2020

––––––––––––––

**AFFIRMED**

––––––––––––––

Deputy Chief Appellant Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

––––––––––––––

**PER CURIAM:** Felix Bowen Price appeals the circuit court's denial of his directed verdict motion as to the charge of malicious injury to personal property. Price argues a vending machine affixed to real property is a fixture and therefore

does not constitute personal property as contemplated by section 16-11-510 of the South Carolina Code (2015). He also argues the vending machine was not personal property because it was owned by a corporation and not the individual on whose property the machine was affixed. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) ("On an appeal from the trial court's denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling."); S.C. Code Ann. § 16-11-510(A) ("It is unlawful for a person to wilfully and maliciously cut, shoot, maim, wound, or otherwise injure or destroy any horse, mule, cattle, hog, sheep, goat, or any other kind, class, article, or description of personal property, or the goods and chattels of another."); *Carson v. Living Word Outreach Ministries, Inc.*, 315 S.C. 64, 70, 431 S.E.2d 615, 618 (Ct. App. 1993) ("A fixture is generally defined as an article which was a chattel, but by being physically annexed to the realty by one having an interest in the soil becomes a part and parcel of it. By mere affixation the chattel does not become a fixture. The test for determining whether an item remains personalty or becomes a fixture include[s] the following criteria: (1) mode of attachment, (2) character of the structure or article, (3) the intent of the parties making the annexation, and (4) the relationship of the parties."); *Planter's Bank v. Lummus Cotton Gin Co.*, 132 S.C. 16, 24, 128 S.E. 876, 879 (1925) ("The tendency, therefore, is to consider that the fact of actual fastening is, in itself, but a slight indication that the article is a fixture, when, notwithstanding the apparent permanent character of its annexation, it is susceptible of removal without injury to the premises or to the structure constituting a part of the premises to which it is attached, or to the article itself."); *State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App. 2005) ("The general rule of issue preservation states that if an issue was not raised and ruled upon below, it will not be considered for the first time on appeal.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.